UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

YVETTE GONZALEZ as Administratrix of the Estate of
CENIYA ESQUERETTE, and YVETTE GONZALEZ,
Individually,

                            Plaintiffs,

- against -

AUREA ANDREA TANCUNGCO DELEON, M.D.,
KAREN CHIU, M.D., RANDI BROWN, LPN, VIRGINIA
FONSECA, LPN, THE UNITED STATES OF AMERICA,
RYAN-NENA COMMUNITY HEALTH CENTER,
and BETH ISRAEL MEDICAL CENTER,

                            Defendants.

VERIFIED COMPLAINT

PLAINTIFF'S DEMAND
A TRIAL BY JURY

-------------------------------------------------------------X



08 CV 4224

RECEIVED
MAY 02 2008
U.S.D.C. S.D. N.Y.
CASHIERS

JUDGE SWEET

Plaintiffs, by their attorneys, LAW OFFICE OF ANTHONY T. DIPIETRO, as and for a Verified Complaint herein, respectfully set forth and allege:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CENIYA ESQUERETTE

1. Heretofore and prior to the commencement of this action plaintiff, YVETTE GONZALEZ was duly appointed Administratrix of the Estate of CENIYA ESQUERETTE, deceased, by Order of the Surrogate's Court of the State of New York, New York County, dated April 22, 2008.

2. That this Court has jurisdiction over this matter under the Federal Tort Claims Act 28 USC Section 2671, as the defendant(s) AUREA ANDREA TANCUNGCO DELEON, M.D., KAREN CHIU, M.D., RANDI BROWN, LPN, and/or VIRGINIA FONSECA, LPN,, is/are an employee of a Federal agency known as the RYAN-NENA COMMUNITY HEALTH CENTER. The matter in controversy exceeds, exclusive of interest, the amount of $150,000.00.

3. That this Court has jurisdiction over this matter under the Federal Tort Claims Act

28 USC Section 2671, as the defendant RYAN-NENA COMMUNITY HEALTH CENTER is a Federal agency and/or a Federally funded agency. The matter in controversy exceeds, exclusive of interest, the amount of $150,000.00.

4. That this action falls within one or more of the exceptions set forth in the Federal Rules of Civil Procedure.

5. That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, and other applicable statutes and precedents.

6. That heretofore, and on/or about March 16, 2007, and within the period of time prescribed by statute, law and/or Court, the plaintiff caused a Notice of Claim, in writing, sworn to by the plaintiff containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place where and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendant THE UNITED STATES OF AMERICA, pursuant to Federal Tort Claims Act 28 U.S.C., Section 2675(a), by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

7. That more than six months have elapsed since the aforesaid Notice of Claim was served on the said defendant.

8. That the said defendant was negligent and has refused and neglected to adjust, settle and pay the same.

9. That this claim has been commenced and this action has been started within the period of time prescribed by statute and law.

10. At all times herein mentioned, defendant AUREA ANDREA TANCUNGCO DELEON, M.D., was a physician duly licensed to practice medicine in the State of New York.

11. At all times herein mentioned plaintiff's decedent, CENIYA ESQUERETTE was a patient of defendant AUREA ANDREA TANCUNGCO DELEON, M.D.

12. At all times herein mentioned, defendant KAREN CHIU, M.D. was a physician duly licensed to practice medicine in the State of New York.

13. At all times herein mentioned plaintiff's decedent, CENIYA ESQUERETTE was a patient of defendant KAREN CHIU, M.D.

14. At all times herein mentioned, defendant RANDI BROWN, LPN, was a licensed practical nurse duly licensed to practice medicine in the State of New York.

15. At all times herein mentioned plaintiff's decedent, CENIYA ESQUERETTE was a patient of defendant RANDI BROWN, LPN

16. At all times herein mentioned, defendant VIRGINIA FONSECA, LPN, was a licensed practical nurse duly licensed to practice medicine in the State of New York.

17. At all times herein mentioned plaintiff's decedent, CENIYA ESQUERETTE was a patient of defendant VIRGINIA FONSECA, LPN

18. At all times herein mentioned, defendants AUREA ANDREA TANCUNGCO DELEON, M.D. and KAREN CHIU, M.D., were partners in the practice of medicine.

19. At all times herein mentioned, defendants AUREA ANDREA TANCUNGCO DELEON, M.D., and KAREN CHIU, M.D., were agents, servants, and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to the plaintiff's decedent CENIYA ESQUERETTE.

20. At all times herein mentioned, defendants AUREA ANDREA TANCUNGCO DELEON, M.D., KAREN CHIU, M.D., RANDI BROWN, LPN, and VIRGINIA FONSECA, LPN, were agents, servants, and/or employees of each other with regard to the medical diagnosis, care and treatment rendered to the plaintiff's decedent CENIYA ESQUERETTE.

21. At all times herein mentioned, defendant RYAN-NENA COMMUNITY HEALTH CENTER was a professional corporation, duly incorporated and existing under and by virtue of the laws of the State of New York.

22. That at all times hereinafter mentioned, the defendant, THE UNITED STATES OF AMERICA, was and still is a corporation, agency, sovereign and body politic.

23. At all times herein mentioned, defendant THE UNITED STATES OF AMERICA was the owner of a medical facility known as RYAN-NENA COMMUNITY HEALTH CENTER located at 279 East 3rd Street, New York, New York, 10009.

24. At all times herein mentioned, defendant THE UNITED STATES OF AMERICA operated, managed and controlled the aforesaid medical facility.

25. At all times herein mentioned, defendant RYAN-NENA COMMUNITY HEALTH CENTER was a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

26. At all times herein mentioned, defendant RYAN-NENA COMMUNITY HEALTH CENTER was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

27. At all times herein mentioned, defendant RYAN-NENA COMMUNITY HEALTH CENTER was the owner of a medical facility known as RYAN-NENA COMMUNITY HEALTH CENTER located at 279 East 3rd Street, New York, New York, 10009.

28. At all times herein mentioned, defendant RYAN-NENA COMMUNITY HEALTH CENTER operated, managed and controlled the aforesaid medical facility.

29. At all times herein mentioned all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff's decedent CENIYA ESQUERETTE at defendant RYAN-NENA COMMUNITY HEALTH CENTER, were agents, servants and/or employees of defendant THE UNITED STATES OF AMERICA.

30. At all times herein mentioned all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff's decedent CENIYA ESQUERETTE at defendant RYAN-NENA COMMUNITY HEALTH CENTER, were agents, servants and/or employees of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

31. At all times herein mentioned, the plaintiff's decedent CENIYA ESQUERETTE, was a patient of defendant THE UNITED STATES OF AMERICA.

32. At all times herein mentioned, the plaintiff's decedent CENIYA ESQUERETTE, was a patient of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

33. At all times herein mentioned, defendant AUREA ANDREA TANCUNGCO DELEON, M.D., was an agent, servant and/or employee of defendant THE UNITED STATES OF AMERICA.

34. At all times herein mentioned, defendant AUREA ANDREA TANCUNGCO DELEON, M.D., was an agent, servant and/or employee of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

35. At all times herein mentioned, defendant KAREN CHIU, M.D. was an agent, servant and/or employee of defendant THE UNITED STATES OF AMERICA.

36. At all times herein mentioned, defendant KAREN CHIU, M.D. was an agent, servant and/or employee of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

37. At all times herein mentioned, defendant RANDI BROWN, LPN, was an agent, servant and/or employee of defendant THE UNITED STATES OF AMERICA.

38. At all times herein mentioned, defendant RANDI BROWN, LPN, was an agent, servant and/or employee of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

39. At all times herein mentioned, defendant VIRGINIA FONSECA, LPN, was an agent, servant and/or employee of defendant THE UNITED STATES OF AMERICA.

40. At all times herein mentioned, defendant VIRGINIA FONSECA, LPN, was an agent, servant and/or employee of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

41. At all times herein mentioned all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff's decedent CENIYA ESQUERETTE at defendant RYAN-NENA COMMUNITY HEALTH CENTER, were agents, servants and/or employees of defendant THE UNITED STATES OF AMERICA.

42. At all times herein mentioned all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff's decedent CENIYA ESQUERETTE at defendant RYAN-NENA COMMUNITY HEALTH CENTER, were agents, servants and/or employees of defendant RYAN-NENA COMMUNITY HEALTH CENTER.

43. That at all times hereinafter mentioned, defendant BETH ISRAEL MEDICAL CENTER was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

44. At all times herein mentioned, defendant BETH ISRAEL MEDICAL CENTER was the owner of a medical facility known as BETH ISRAEL MEDICAL CENTER located at 1st Avenue and 16th Street, New York, NY 10003.

45. At all times herein mentioned, defendant BETH ISRAEL MEDICAL CENTER operated, managed and controlled the aforesaid medical facility.

46. At all times herein mentioned all of the physicians, nurses and other personnel involved in the diagnosis, care and treatment of the plaintiff's decedent CENIYA ESQUERETTE at defendant BETH ISRAEL MEDICAL CENTER, were agents, servants and/or employees of defendant BETH ISRAEL MEDICAL CENTER.

47. At all times herein mentioned, the plaintiff's decedent CENIYA ESQUERETTE, was a patient of defendant BETH ISRAEL MEDICAL CENTER.

48. From on or about January 5, 2006, through a continuous course of treatment through the time of her death on November 24, 2006, plaintiff's decedent, CENIYA ESQUERETTE, was a patient of the defendants, their agents, servants and/or employees, under the medical and pediatric, diagnosis, management, care, and treatment of the defendants their agents, servants, and/or employees, and as a result of the failure of the defendants their agents, servants and/or employees, to properly diagnose, care for and treat plaintiff's decedent, including but not limited to the failure to properly diagnose the infant plaintiff's condition, the failure to timely and properly obtain a medical history, the failure to timely and properly obtain a pediatric cardiology consultation, the failure to timely and properly auscultate the infant's heart and anatomy, the failure to timely and properly perform cardiac auscultation, the failure to timely and properly perform and EKG and/or ECG, the failure to timely and properly appreciate the significance of diaphoresis, the failure to timely and properly appreciate the significance of the

infant's poor weight gain, the failure to timely and properly appreciate the etiology of the infant plaintiff poor growth rates, the failure to timely and properly appreciate the significance of exhaustion on feeding, the failure to timely and properly appreciate the significance of "heavy breathing", the failure to timely and properly appreciate the significance of the infant's "protruding bone in chest", in misdiagnosing the infant's condition, in improperly attributing the infant's respiratory difficulties to asthma, in failing to timely and properly diagnose and treat an anomalous origin of the left main coronary artery from the pulmonary artery, in failing to timely and properly diagnose and treat bronchopneumonia, in failing to timely and properly diagnose and treat cardiomyopathy, and in failing to timely and properly diagnose and treat myocardial infarct the plaintiff's decedent sustained severe injuries and complications.

49. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees in failing to treat the plaintiff's decedent in a good, accepted and proper medical manner, and without any fault or lack of care on the part of the plaintiff or plaintiff's decedent herein.

50. By reason of the foregoing, plaintiff's decedent sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries, and was caused to suffer severe physical pain and mental anguish as a result thereof.

51. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

52. That by reason of the foregoing, the infant plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action and/or in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

53. This action falls with the exceptions to Article 16 of the New York Civil Practice Law and Rules.

54. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed the plaintiff a non-delegable duty of care.

55. Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of those who caused or contributed to the plaintiff's injuries.

56. Pursuant to CPLR Section 1602(5) defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants' wrongful conduct was intentional.

57. Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted with reckless disregard of the safety of others.

58. Pursuant to CPLR Section 1602(11), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate

cause of plaintiff's injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

59. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 58 inclusive, with the same force and effect as if hereinafter set forth at length.

60. Defendants failed to inform the mother of the infant plaintiff of the risks, hazards and alternatives connected with the procedures utilized and treatments rendered so that an informed consent could be given.

61. Reasonably prudent persons in the position of infant plaintiff's mother **YVETTE GONZALEZ** would not have consented the procedures utilized and treatments rendered, if they had been fully informed of the risks, hazards and alternatives connected with said procedures and treatment.

62. The failure to adequately inform the mother of the infant plaintiff of the risks, hazards and alternatives of the procedures utilized and treatments rendered is a proximate cause of the injuries sustained by the infant plaintiff.

63. As a consequence of the foregoing there was no informed consent to the procedures utilized and treatments rendered.

64. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

65. That by reason of the foregoing, the infant plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action and/or in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION AS TO
RYAN-NENA COMMUNITY HEALTH CENTER

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 65 inclusive, with the same force and effect as if hereinafter set forth at length.

67. Defendant RYAN-NENA COMMUNITY HEALTH CENTER, prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in the plaintiffs care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of the physician, nurse and/or employee and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

68. Had the defendant RYAN-NENA COMMUNITY HEALTH CENTER made the above-stated inquiry or in the alternative had defendant health center reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

69. By reason of the defendant RYAN-NENA COMMUNITY HEALTH CENTER's failure to meet the aforementioned obligation, the infant plaintiff was treated by physicians, nurses and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which the infant plaintiff sustained severe injuries and complications.

70. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

71. That by reason of the foregoing, the infant plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action and/or in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION AS TO BETH ISRAEL MEDICAL CENTER

72. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 71 inclusive, with the same force and effect as if hereinafter set forth at length.

73. Defendant BETH ISRAEL MEDICAL CENTER, prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in the plaintiffs care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another

State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of such proceedings and the hospital failed to make sufficient inquiry of the physician, nurse and/or employee and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

74. Had the defendant BETH ISRAEL MEDICAL CENTER made the above-stated inquiry or in the alternative had defendant health center reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

75. By reason of the defendant BETH ISRAEL MEDICAL CENTER's failure to meet the aforementioned obligation, the infant plaintiff was treated by physicians, nurses and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which the infant plaintiff sustained severe injuries and complications.

76. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

77. That by reason of the foregoing, the infant plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action and/or in the sum of THREE MILLION ($3,000,000.00) DOLLARS.

AS AND FOR A FIFTH CAUSE OF ACTION ON<br><u>BEHALF OF PLAINTIFF YVETTE GONZALEZ</u>

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 77 inclusive, with the same force and effect as if hereinafter set forth at length.

79. That at all times herein mentioned, this plaintiff was and still is the mother and natural guardian of the infant plaintiff and as such is entitled to the services, society, and companionship of the infant plaintiff.

80. That as a result of the foregoing negligence and malpractice on the part of the defendants, and the resulting injuries to the infant plaintiff, this plaintiff has been required to expend various sums of money for the medical care, consultation, advice and treatment of the infant plaintiff and funeral expenses, and has suffered other indemnifiable economic losses and has been deprived of the services, society and companionship of the infant plaintiff.

81. That by reason of the foregoing, the plaintiff has sustained serious injuries and damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action and/or in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiffs demand judgment against the defendants herein, the amount sought on each Cause of Action being in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action, and/or in the First Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, in the Second Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, in the Third Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, in the Fourth Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, and in the Fifth Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: New York, New York
      May 1, 2008

                              Yours, etc.,

                              LAW OFFICE OF ANTHONY T. DIPIETRO

                              _____
                              Michael A. Fischbein, Esq.
                              Attorney For Plaintiffs
                              THE WOOLWORTH BUILDING
                              233 Broadway - Fifth Floor
                              New York, New York 10279
                              (212) 233-3600