MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JEAN-DAVID BARNEA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. (212) 637-2679
Fax (212) 637-2717
Jean-David.Barnea@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVETTE GONZALEZ as Administratrix of the Estate of CENIYA ESQUERETTE, and YVETTE GONZALEZ, Individually,<br><br>                         Plaintiffs,<br><br>v.<br><br>AUREA ANDREA TANCUNGCO DELEON, M.D., KAREN CHIU, M.D., RANDI BROWN, LPN, VIRGINIA FONSECA, LPN, the UNITED STATES OF AMERICA, RYAN-NENA COMMUNITY HEALTH CENTER, and BETH ISRAEL MEDICAL CENTER,<br><br>                         Defendants. | ECF CASE<br><br>No. 08 Civ. 04224 (RWS)<br><br>**ANSWER OF FEDERAL DEFENDANTS AUREA ANDREA TANCUNGCO DELEON, M.D., KAREN CHIU, M.D., VIRGINIA FONSECA, LPN, THE UNITED STATES OF AMERICA, AND RYAN-NENA COMMUNITY HEALTH CENTER** |

        Defendants Aurea Andrea Tancungco DeLeon, M.D. ("Dr. DeLeon"), Karen Chiu, M.D.("Dr. Chiu"), Virginia Fonseca, LPN ("Nurse Fonseca"), the United States of America (the "United States"), and the Ryan-NENA Community Health Center ("Ryan-NENA") (collectively the "Federal Defendants") by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Complaint of Plaintiffs Yvette Gonzalez, as administratrix of the Estate of Ceniya Esquerette, and Yvette Gonzalez, individually, on information and belief as follows:

1.  The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.  The Federal Defendants deny the allegations contained in paragraph 2 of the complaint, except admit that Dr. DeLeon, Dr. Chiu, and Nurse Fonseca were employees of the William F. Ryan Community Health Center ("Ryan Health Center"), which owned and operated Ryan-NENA, and which at all relevant times, was deemed a Community Health Center of the Public Health Service under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g). The Federal Defendants further state that by operation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the FSHCAA, Defendants Ryan-NENA, Dr. DeLeon, Dr. Chiu, and Nurse Fonseca are immune from suit, and that any claims relating to their acts or omissions may be brought only against the United States.

3.  The Federal Defendants neither admit nor deny the allegations contained in paragraph 3 of the complaint because they constitute conclusions of law, to which no responses are required, except aver that at all relevant times the Ryan Health Center, which owned and operated Ryan-NENA, was deemed a Community Health Center of the Public Health Service under the FSHCAA. To the extent responses are required, the Federal Defendants deny the remaining allegations contained in paragraph 3 of the complaint.

4.  The Federal Defendants neither admit nor deny the allegations contained in paragraph 4 of the complaint because they constitute conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 4 of the complaint.

5.  The Federal Defendants neither admit nor deny the allegations contained in

paragraph 4 of the complaint because they set forth Plaintiffs' characterization of their claims in this action, to which no responses are required. To the extent that responses are required, the Federal Defendants deny the allegations contained in paragraph 5 of the complaint.

6. The Federal Defendants neither admit nor deny the allegations contained in paragraph 6 of the complaint because they constitute conclusions of law, to which no responses are required, except admit that on March 16, 2007, the Department of Health and Human Services received a completed Standard Form 95 from Plaintiff Yvette Gonzalez. To the extent responses are required, the Federal Defendants deny the remaining allegations contained in paragraph 6 of the complaint.

7. The Federal Defendants admit that more than six months elapsed between Plaintiff Yvette Gonzalez's submission of the aforementioned Standard Form 95 and the commencement of the instant lawsuit. The Federal Defendants further aver that Ms. Gonzalez's administrative claim was denied on April 17, 2008.

8. The Federal Defendants deny the allegations contained in paragraph 8 of the complaint.

9. The Federal Defendants neither admit nor deny the allegations contained in paragraph 9 of the complaint because they constitute conclusions of law, to which no responses are required. To the extent that responses are required, the Federal Defendants deny the allegations contained in paragraph 9 of the complaint.

10. The Federal Defendants admit the allegations contained in paragraph 10 of the complaint.

11. The Federal Defendants deny the allegations contained in paragraph 11 of the

complaint, except admit that Dr. DeLeon provided certain medical treatment to the decedent in 2006.

12.     The Federal Defendants admit the allegations contained in paragraph 12 of the complaint.

13.     The Federal Defendants deny the allegations contained in paragraph 13 of the complaint, except admit that Dr. Chiu provided certain medical treatment to the decedent in 2006.

14.     The Federal Defendants deny the allegations contained in paragraph 14 of the complaint, except admit, on information and belief, that at all relevant times Nurse Brown was a licensed practical nurse duly licensed to practice in the State of New York.

15.     The Federal Defendants deny the allegations contained in paragraph 15 of the complaint, except admit that Nurse Brown provided certain treatment to the decedent in 2006.

16.     The Federal Defendants deny the allegations contained in paragraph 16 of the complaint, except admit that at all relevant times Nurse Fonseca was a licensed practical nurse duly licensed to practice in the State of New York.

17.     The Federal Defendants deny the allegations contained in paragraph 17 of the complaint, except admit that Nurse Fonseca provided certain treatment to the decedent in 2006.

18.     The Federal Defendants neither admit nor deny the allegations contained in paragraph 18 of the complaint because they constitute conclusions of law, to which no responses are required. To the extent that responses are required, the Federal Defendants deny the allegations contained in paragraph 18 of the complaint.

19.     The Federal Defendants neither admit nor deny the allegations contained in

paragraph 19 of the complaint because they constitute conclusions of law, to which no responses are required. To the extent that responses are required, the Federal Defendants deny the allegations contained in paragraph 19 of the complaint.

20. The Federal Defendants neither admit nor deny the allegations contained in paragraph 20 of the complaint because they constitute conclusions of law, to which no responses are required. To the extent that responses are required, the Federal Defendants deny the allegations contained in paragraph 20 of the complaint.

21. The Federal Defendants deny the allegations contained in paragraph 21 of the complaint, except aver that Ryan-NENA was owned and operated by the Ryan Health Center, a New York domestic not-for-profit corporation.

22. The Federal Defendants neither admit nor deny the allegations contained in paragraph 22 of the complaint because they constitute conclusions of law, to which no responses are required, except admit that the United States is a sovereign. To the extent that responses are required, the Federal Defendants deny the remaining allegations contained in paragraph 22 of the complaint.

23. The Federal Defendants deny the allegations contained in paragraph 23 of the complaint.

24. The Federal Defendants deny the allegations contained in paragraph 24 of the complaint.

25. The Federal Defendants deny the allegations contained in paragraph 25 of the complaint, except aver that Ryan-NENA was owned and operated by the Ryan Health Center, a New York domestic not-for-profit corporation.

26. The Federal Defendants deny the allegations contained in paragraph 26 of the

complaint, except aver that Ryan-NENA was owned and operated by the Ryan Health Center, a New York domestic not-for-profit corporation.

27. The Federal Defendants deny the allegations contained in paragraph 27 of the complaint, except aver that Ryan-NENA, located at 279 East 3rd Street, New York, NY 10009, was owned and operated by the Ryan Health Center, a New York domestic not-for-profit corporation.

28. The Federal Defendants deny the allegations contained in paragraph 28 of the complaint, except aver that Ryan-NENA was owned and operated by the Ryan Health Center.

29. The Federal Defendants deny the allegations contained in paragraph 29 of the complaint.

30. The Federal Defendants deny the allegations contained in paragraph 30 of the complaint.

31. The Federal Defendants deny the allegations contained in paragraph 31 of the complaint.

32. The Federal Defendants deny the allegations contained in paragraph 32 of the complaint, except aver that the decedent received medical treatment at Ryan-NENA in 2006.

33. The Federal Defendants deny the allegations contained in paragraph 33 of the complaint, except aver that by operation of the FTCA and FSHCAA, Dr. DeLeon was deemed an employee of the United States.

34. The Federal Defendants deny the allegations contained in paragraph 34 of the complaint, except aver that Dr. DeLeon was an employee of the Ryan Health Center, which owned and operated Ryan-NENA, at all relevant times.

35. The Federal Defendants deny the allegations contained in paragraph 35 of the

complaint, except aver that by operation of the FTCA and FSHCAA, Dr. Chiu was deemed an employee of the United States.

36. The Federal Defendants deny the allegations contained in paragraph 36 of the complaint, except admit that Dr. Chiu was an employee of the Ryan Health Center, which owned and operated Ryan-NENA, until May 2006.

37. The Federal Defendants deny the allegations contained in paragraph 37 of the complaint.

38. The Federal Defendants deny the allegations contained in paragraph 38 of the complaint.

39. The Federal Defendants deny the allegations contained in paragraph 39 of the complaint, except aver that by operation of the FTCA and FSHCAA, Nurse Fonseca was deemed an employee of the United States.

40. The Federal Defendants deny the allegations contained in paragraph 40 of the complaint, except admit that Nurse Fonseca was an employee of the Ryan Health Center, which owned and operated the Ryan-NENA Community Health Center, at all relevant times.

41. The Federal Defendants deny the allegations contained in paragraph 41 of the complaint.

42. The Federal Defendants deny the allegations contained in paragraph 42 of the complaint.

43. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48. The Federal Defendants deny the allegations contained in paragraph 48 of the complaint.

49. The Federal Defendants deny the allegations contained in paragraph 49 of the complaint.

50. The Federal Defendants deny the allegations contained in paragraph 50 of the complaint.

51. Paragraph 51 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Paragraph 52 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 52 of the complaint.

53. Paragraph 53 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Paragraph 54 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the

allegations contained in paragraph 54 of the complaint.

54. 55. Paragraph 55 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 55 of the complaint.

56. Paragraph 56 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Paragraph 57 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 57 of the complaint.

58. Paragraph 58 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 58 of the complaint.

59. The Federal Defendants repeat and reallege their responses in paragraphs 1-58 as if set forth fully herein.

60. The Federal Defendants deny the allegations contained in paragraph 60 of the complaint.

61. The Federal Defendants deny the allegations contained in paragraph 61 of the complaint.

62. The Federal Defendants deny the allegations contained in paragraph 62 of the complaint.

63. Paragraph 63 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the

allegations contained in paragraph 63 of the complaint.

63. Paragraph 64 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 64 of the complaint.

65. Paragraph 65 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 65 of the complaint.

66. The Federal Defendants repeat and reallege their responses in paragraphs 1-65 as if set forth fully herein.

67. The Federal Defendants deny the allegations contained in paragraph 67 of the complaint.

68. The Federal Defendants deny the allegations contained in paragraph 68 of the complaint.

69. The Federal Defendants deny the allegations contained in paragraph 69 of the complaint.

70. Paragraph 70 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 70 of the complaint.

71. Paragraph 71 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 71 of the complaint.

72. The Federal Defendants repeat and reallege their responses in paragraphs 1-71 as if set forth fully herein.

73. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint.

74. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the complaint.

75. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the complaint.

76. Paragraph 76 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 76 of the complaint.

77. Paragraph 77 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 77 of the complaint.

78. The Federal Defendants repeat and reallege their responses in paragraphs 1-77 as if set forth fully herein.

79. The Federal Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the complaint.

80. The Federal Defendants deny the allegations contained in paragraph 80 of the complaint.

81. Paragraph 81 of the complaint sets forth conclusions of law, to which no responses are required. To the extent responses are required, the Federal Defendants deny the allegations contained in paragraph 81 of the complaint.

82. The allegations set forth in the complaint following the word "WHEREFORE" contain Plaintiffs' prayers for relief, to which no response is required. To the extent that a

response is required, the Federal Defendants deny that Plaintiffs are entitled to such relief.

## FIRST DEFENSE

Neither the United States nor any of its agencies, employees, or agents, was negligent in any manner.

## SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by negligent or wrongful acts or omissions of any employee or agent of the United States acting within the scope and course of employment.

## THIRD DEFENSE

The injuries and damages alleged in the complaint were caused in whole or in part by individuals over whom the United States exercised no control.

## FOURTH DEFENSE

Plaintiffs had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint, in particular by providing their informed consent to medical procedures described in the complaint.  Any injuries described in the complaint were caused by and arose out of such risks.

## FIFTH DEFENSE

In the event that the United States is found to be negligent, the negligence of Plaintiffs or individuals over whom the United States exercised no control contributed to causing the alleged injuries and damages, and any recovery must be proportionately reduced.

## SIXTH DEFENSE

Plaintiffs' recovery, if any, may not exceed the amount presented in the administrative tort claim filed by Plaintiffs.

**SEVENTH DEFENSE**

Plaintiffs' recovery, if any, is limited to damages recoverable under 28 U.S.C. § 2674.

**EIGHTH DEFENSE**

Any recovery by Plaintiffs is limited to the availability of appropriated funds, pursuant to 42 U.S.C. § 233(k).

**NINTH DEFENSE**

The liability of the United States, if any, is subject to the limitation on non-economic damages set forth in N.Y. C.P.L.R. § 1601.

**TENTH DEFENSE**

In the event that the United States is found to be negligent, any judgment against it must be reduced, pursuant to N.Y. C.P.L.R. § 4545, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

**ELEVENTH DEFENSE**

Defendants Aurea Andrea Tancungco DeLeon, M.D., Karen Chiu, M.D., Virginia Fonseca, LPN, and the Ryan-NENA Community Health Center must be dismissed because the Federal Tort Claims Act and the Federally Supported Health Centers Assistance Act provide that the United States is the only proper defendant for claims predicated upon acts or omissions of a federal employee or employee of a federally funded health center.

**TWELFTH DEFENSE**

Plaintiff is not entitled to a trial by jury against the United States, pursuant to 28 U.S.C. § 2402.

WHEREFORE, the Federal Defendants demand judgment dismissing the complaint as

against them and granting such further relief as the Court deems proper, including costs and disbursements.

Dated: August 13, 2008  
      New York, New York

MICHAEL J. GARCIA  
United States Attorney for the  
Southern District of New York  
*Counsel for the Federal Defendants*

By:   <u>/s/ Jean-David Barnea</u>  
JEAN-DAVID BARNEA  
Assistant United States Attorney  
86 Chambers Street, 3rd floor  
New York, New York 10007  
Tel. (212) 637-2679  
Fax (212) 637-2717

TO:   MICHAEL A. FISCHBEIN, ESQ.  
*Counsel for Plaintiffs*  
Law Office of Anthony T. DiPietro  
The Woolworth Building  
233 Broadway, Fifth Floor  
New York, NY 10279

STEVEN C. MANDELL, ESQ.  
*Counsel for Defendant Beth Israel Medical Center*  
Aaronson Rappaport Feinstein & Deutsch, LLP  
757 Third Avenue  
New York, NY 10017